IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SKYLARE W. SALAZAR,<br><br>      Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER REMANDING CASE FOR FURTHER CONSIDERATION<br><br>Case No. 1:13-cv-032 BCW<br><br>Magistrate Judge Brooke Wells |

    Plaintiff Skylare Salazar brings this action appealing the decision of an administrative law judge (ALJ) finding Plaintiff not disabled and denying him Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  Mr. Salazar alleges he was disabled on February 8, 2009, due to "major depressive disorder, bipolar disorder, and comprehension inability."[1]  The Appeals Council denied Mr. Salazar's request for further review making the ALJ's decision final for purposes of this appeal.[2]  After careful consideration of the record, relevant law, and the parties' memoranda, the Court has determined that oral argument is unnecessary and decides this case based upon the record before it.[3]  For the reasons set forth below, the Court finds the ALJ's decision is not supported by substantial evidence and remands this matter for further consideration.

---

[1] Tr. 170. Tr. refers to the administrative record before the Court.
[2] Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal.  *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).
[3] *See* Scheduling Order, docket no. 13 (noting that [o]ral argument will not be heard unless requested at the time of [the] filing first briefs by either party and upon good cause shown").

## BACKGROUND[4]

Mr. Salazar protectively filed applications for DIB and SSI on August 26, 2009. He was born on July 31, 1985, and was 26 years old at the time of the hearing before the ALJ.[5] Mr. Salazar alleges he was disabled on February 8, 2009, due to "major depressive disorder, bipolar disorder, and comprehension inability."[6] Plaintiff completed high school and was enrolled in special education and learning resource assistance during junior high and high school.[7] He graduated with a 1.996 GPA and on the Stanford Achievement Test, he performed below average in the majority of areas: language mechanics – 13th percentile; reading vocabulary – 30th percentile; language expression – 7th percentile; and total language 7th percentile.[8] Plaintiff experienced both academic difficulties and behavioral problems while in school.[9]

Mr. Salazar's past relevant work includes picking up and delivering laundry in 2007; loading trailers for FedEx in 2004; and putting medical devices into boxes on an assembly line in 2009.[10] Plaintiff testified that he quit his medical assembly job in 2009 because the graveyard work hours became too difficult for him.[11]

Mr. Salazar has an extensive treatment history for mental health difficulties including depression,[12] paranoia, suicidal and homicidal ideation,[13] and bipolar and generalized anxiety disorder.[14] In late 2009 Dr. Goldstein performed a consultative neuropsychological evaluation of Mr. Salazar and opined that his depression has existed since age 14 and culminated at age 19

---

[4] The parties fully set forth the medical history in their respective memoranda. The Court finds it unnecessary to repeat that record in detail here. Instead, the Court notes those items that are pertinent to its decision.
[5] Tr. 34.
[6] Tr. 170. Tr. refers to the administrative record before the Court.
[7] Tr. 356.
[8] Tr. 390.
[9] Tr. 376, 389, 401, 403, 476.
[10] Tr. 40-41.
[11] Tr. 39-40.
[12] Tr. 244.
[13] Tr. 270-71, 326.
[14] Tr. 313, 324.

when he was hospitalized with suicidal ideation.[15] In short, a review of the record reflects the importance for Mr. Salazar to take his medications because when he failed to do so, he experienced an increase in very serious mental health ailments.

The ALJ followed the five-step sequential process for evaluating disability claims as set forth in the regulations.[16] At steps two and three, the ALJ found Plaintiff has severe mental health impairments including bipolar II disorder and generalized anxiety disorder. These impairments, however, either alone or in combination did not meet a listing.[17] Next, the ALJ determined that Mr. Salazar had the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with nonexertional limitations. These limitations included: simple, routine work regarding the ability to understand, remember, and carry out instructions and when using judgment in making work-related decisions, with only occasional job-related contact with the public, co-workers and supervisors. In addition, Plaintiff has a need for a stable environment with few changes in routine and no goal-setting or plan-making.[18] At step four the ALJ found that Mr. Salazar was capable of performing his past relevant work as a truck driver helper or a plastic hospital products assembler.[19] Therefore, the ALJ concluded that Plaintiff was not disabled under the Act.

## STANDARD OF REVIEW

The Court reviews "the ALJ's decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record."[20] "Substantial evidence is such relevant evidence as a reasonable mind might accept

---

[15] Tr. 316.
[16] 20 C.F.R. § 404.1520. Tr. 19-20
[17] Tr. 14-18.
[18] Tr. 20.
[19] Tr. 22.
[20] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

as adequate to support a conclusion."[21] It requires more than a scintilla, but less than a preponderance.

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all the evidence.[22] In reviewing the ALJ's decision the Court evaluates the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[23] The Court, however, may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[24] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[25] Further, the Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'"[26]

## DISCUSSION

Mr. Salazar argues the ALJ erred: 1) in relying on the Vocational Expert's (VE) response to a hypothetical question that did not include all of his limitations as supported in the record; 2) by failing to ask the VE if her testimony conflicted with the Dictionary of Occupational Titles (DOT); and 3) in correctly evaluating his credibility. The Court finds the first argument persuasive.

At step four in the disability determination, the ALJ presented to the VE several hypothetical questions based on Mr. Salazar's limitations, to determine if Mr. Salazar was able to perform his past work.[27] A VE's testimony regarding an individual's ability to perform work

---

[21] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).
[22] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).
[23] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[24] *Lax*, 489 F.3d at 1084 (citation omitted).
[25] See *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).
[26] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).
[27] Tr. 60-63.

must be in response to an accurate hypothetical question from the ALJ. As noted by this Circuit previously, "[t]estimony elicited by hypothetical questions that do not relate with precision to all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision."[28] Further, an ALJ is "not entitled to pick and choose through an uncontradicted medical opinion, taking only parts that are favorable to a finding of disability."[29]

Plaintiff asserts the ALJ's hypothetical questions were flawed because they did "not include the full extent of [his] limitations in concentration, persistence, and pace."[30] Specifically, Plaintiff alleges the ALJ indicated that he accepted the state agency consultant's opinion in whole and parts of Dr. Bank's opinion. "The state agency consultants and Dr. Banks concluded that Mr. Salazar has moderate limitations in nine specific areas of mental functioning."[31] However, the ALJ "inexplicably omits from his hypothetical two of the nine moderate mental limitations."[32] Those related to Plaintiff's ability to maintain attention and concentration for extended periods and to complete a normal workday and workweek without interruptions from psychological symptoms or without an unreasonable number and length of rest periods.[33]

In opposition, Defendant cites to the guidance in the SSA's Program Operations Manual System (POMS) arguing that general terms or severity ratings, such as moderate, should not be used because they "'do not describe function and do not usefully convey the extent of capacity

---

[28] *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quotations omitted).
[29] *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); *Smith v. Barnhart*, 172 Fed. App'x 795, 800 (10th Cir. 2006) (finding the ALJ erred by omitting without explanation claimant's moderate limitations concerning concentration, persistence, and pace); *Wheeler v. Astrue*, 2012 WL 4092424 (N.D. Okla. Sept. 17, 2012) (holding remand required because ALJ did not explain why some of consultative examiner's moderate limitations were rejected while some were accepted).
[30] Reply p. 2.
[31] *Id.*
[32] *Id.*
[33] Tr. 61-62, 342-43.

limitations.'"[34] The Court is not persuaded by this argument because the POMS instructions do not apply to the form filled out by Dr. Banks in this case, which is a non Social Security form entitled Work Capacity Evaluation (mental). Further, as noted in the Section I instructions on the form there is no reason why a moderate impairment on the form filled out by Dr. Banks should not be considered by the ALJ. And, as set forth in *Haga*,[35] "a moderate impairment is not the same as no impairment at all."[36]

Accordingly, the ALJ's hypothetical did not contain all of Mr. Salazar's impairments and the testimony elicited therefrom is not considered substantial evidence to support the ALJ's decision.

Finally the Court is not persuaded by Plaintiffs remaining arguments. First, Mr. Salazar is correct that the regulations affirmatively require an ALJ to ask about any possible conflict between the testimony of the VE and the information in the DOT.[37] However if there is no conflict, like in this case, then it is harmless error for an ALJ to not ask about any conflict and this failure would not provide a basis for remand.[38]

Second, "'[c]redibility determinations are peculiarly the province of the finder of fact'"[39] and this Court is hesitant to upset such determinations unless they are not supported by substantial evidence. Contrary to Mr. Salazar's argument, there was no need for the ALJ to

---

[34] Op. p. 12 (quoting POMS DI 24510.065.B.1, 2001 WL 1933372).
[35] 482 F.3d at 1208.
[36] *Id.*
[37] *See* 2000 WL 1898704 *4 (SSR 00-4P) (December 4, 2000).
[38] *See Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) ("Although we agree that the ALJ erred by not inquiring about whether there were any conflicts between the VE's testimony about the job requirements for the jobs identified and the job descriptions in the DOT, we conclude that this error was harmless because there were no conflicts."); *Shinseki v. Sanders*, 556 U.S. 396, 408-09 (2009) (rejecting a legal framework that would "prevent the reviewing court from directly asking the harmless error question"); *St. Anthony v. U.S. Dep't of Health & Human Servs.*, 309 F.3d 680, 691 (10th Cir. 2002) ("[T]he party challenging the action below bears the burden of establishing that the error prejudiced the party.").
[39] *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quoting *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)).

consider the *Frey*[40] factors because the "Tenth Circuit has held that Frey only concerns those circumstances under which an ALJ denies benefits because a claimant has refused to follow prescribed treatment."[41] Here the ALJ did not deny Plaintiff benefits on the grounds that he failed to follow prescribed treatment. Rather, Plaintiff's failures to follow prescribed treatment were part of the ALJ's credibility determination thus *Frey* is inapplicable. In short, the ALJ's credibility determination is supported by substantial evidence so the Court finds no reason to upset it.

## CONCLUSION

Based upon the ALJ's failure to include all of Mr. Salazar's limitations that are supported by the medical evidence in the record in his hypothetical question to the VE, the Court concludes the ALJ erred and his decision is not supported by substantial evidence.[42] Accordingly, the decision of the Commissioner is remanded for further consideration consistent with this opinion.

DATED this 11 March 2014.

Brooke C. Wells
United States Magistrate Judge

---

[40] *Frey v. Bowen*, 816 F.2d 508 (10th Cir. 1987).
[41] *Clough v. Astrue*, 2012 WL 2224197 *7 (D.Utah 2012) ; *see also Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (rejecting the plaintiffs argument that the ALJ erred by failing to comply with *Frey v. Bowen* in considering his failure to take pain medication).
[42] *Hargis*, 945 F.2d at 1492.