IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SKYLARE W. SALAZAR,<br><br>    Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR ATTORNEYS FEES<br><br>Case No. 1:13-cv-032 BCW<br><br>Magistrate Judge Brooke Wells |

    This matter is before the Court on Plaintiff Skylare Salazar's Motion for Attorney Fees[1] pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. §2412(d).[2] Plaintiff requests $6,755.81 in initial fees along with additional fees of $1,046.54 for time spent responding to the Commissioner's opposition to the motion. The total request is for $7,802.35. The EAJA provides for an award of attorney fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[3] The Commissioner opposes Plaintiff's motion arguing the position of the Government was substantially justified and therefore, an award of fees under the EAJA is not appropriate in this case. As set forth in detail below the Court finds that based upon the circumstances of this case a partial award of fees is reasonable and appropriate.

## BACKGROUND

    Plaintiff initiated this action in February 2013 seeking judicial review of the Commissioner's decision denying his claim for Disability Insurance under Title II and Supplemental Security Income under Title XVI of the Social Security Act. On appeal Mr.

---

[1] Docket no. 27.
[2] See 28 U.S.C. § 2412(d).
[3] 28 U.S.C. § 2412 (d).

Salazar argued the Administrative Law Judge (ALJ) erred by: 1) relying on the Vocational Expert's (VE) response to a hypothetical question that did not include all of his limitations as supported in the record; 2) failing to ask the VE if her testimony conflicted with the Dictionary of Occupational Titles (DOT); and 3) correctly evaluating Claimant's credibility. In remanding the matter to the ALJ the Court agreed that the ALJ erred in his hypothetical, but the Court rejected Plaintiff's other arguments concerning the DOT and the ALJ's credibility determination. Specifically, the Court found error because the ALJ's hypothetical did not contain all of Mr. Salazar's impairments thus the testimony elicited from it did not provide substantial evidence to support the ALJ's decision. In adopting Plaintiff's argument, the Court rejected the Commissioner's arguments regarding general terms such as "moderate" and the guidance of the Social Security Administration's Program Operations Manual.

Based upon the Court's decision, Plaintiff became the prevailing party for purposes of the EAJA. Plaintiff now moves the court for an award of attorney fees under the EAJA in the amount of $7,802.35. The Commissioner does not contest the amount, or the fact that Plaintiff was the prevailing party. Rather, the Commissioner argues that its position was substantially justified and therefore an award of attorney fees is improper.

## STANDARD

The Commissioner has the burden to show that her position was substantially justified.[4] "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation."[5] "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or

---

[4] *See* *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).
[5] *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

failure alone is not determinative of the issue."[6] "For purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less 'justified' it is for the government to pursue or persist in litigation."[7] "Conversely, if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified."[8]

"The test for substantial justification in this circuit is one of reasonableness in law and fact."[9] Accordingly, the government's position must be "justified to a degree that could satisfy a reasonable person."[10] "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact."[11] Of note, is the distinction between the substantial evidence standard under the Social Security Act, and the substantial justification requirement under the EAJA.[12] As articulated by this Circuit and other circuits which have directly addressed this issue, "equating a lack of substantial evidence with a lack of substantial justification would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits."[13] Moreover, to hold these two standards synonymous appears improper under the history behind the statute,[14] and at odds with the Supreme Court's decision in *Pierce v. Underwood*.[15] Thus, "a lack of substantial evidence on

---

[6] *Id.*
[7] *Spencer v. NLRB*, 712 F.2d 539, 559 (D.C.Cir. 1983).
[8] *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987).
[9] *Gilbert*, 45 F.3d at 1394.
[10] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)
[11] *Id.* 487 U.S. at 552 n.2.
[12] *See Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).
[13] *Id.*
[14] *See Taylor v. Heckler*, 835 F.2d 1037, 1044 (3d Cir. 1987) (examining the legislative history of the EAJA and concluding Congress "left the door open to the possibility that the government could demonstrate that a denial of disability benefits that flunked substantial evidence review was nonetheless substantially justified.").
[15] 487 U.S. 552.

the merits does not necessarily mean that the government's position was not substantially justified."[16]

## DISCUSSION

The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award of fees unjust.[17] The Commissioner argues Plaintiff's motion for fees should be denied because here the record relied upon is an arguably defensible administrative record. "'The government's position in the district court normally would be substantially justified if, as is usual, the United States attorney does no more than rely on an arguably defensible administrative record.'"[18] As further support for this argument the Commissioner cites to the fact that she prevailed on two of the three substantive issues presented to this Court.

In *Hackett v. Barnhart*,[19] the Tenth Circuit rejected the Commissioner's argument that her position in the underlying proceedings was substantially justified because she prevailed on five of the six issues the plaintiff raised in the district court.[20] The Court noted that the fact that "the Commissioner prevailed in the district court on most issues did not alter the fact that she acted unreasonably in denying benefits at the administrative level." The *Hackett* court also explicitly stated that "we limit our holding to the specific circumstances of this case."[21] Thus, the Court finds the reasoning of *Hackett* persuasive to the instant matter but not controlling because the circumstances in this matter are different than those in *Hackett*. Also instructive

---

[16] *Hadden*, 851 F.2d at 1269.
[17] *See* 28 U.S.C. § 2412(d)(1)(A).
[18] *Craford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991) (quoting *Guthrie v. Schweiker*, 718 f.2d 104, 108 (4th Cir. 1983)).
[19] 475 F.3d 1166, 1174 (10th Cir. 2007).
[20] *Id.* at fn. 1.
[21] *Id.* at 1174.
4

from *Hackett* is the Tenth Circuit's decision to not simply award all of the requested EAJA fees. Rather, the *Hackett* court remanded to the district court with instructions to "consider and determine the reasonableness of the requested fees"[22] because they come out of the public fisc.

Here, Plaintiff obtained a sentence four remand based upon the failure to set forth a proper hypothetical to the VE. The fact that the Commissioner prevailed on two of the three substantive issues presented to this Court does not alter the underlying action. EAJA fees "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position."[23] Thus, the fact that remanding this matter to the ALJ was a "close call" in the Court's opinion based upon the Government's substantially justifiable arguments does not preclude an award of EAJA fees. Based upon the government's error in the underlying action the Court finds that an award of EAJA fees is appropriate in this case.[24] The Court, however, has carefully considered the amount of requested fees and finds them to be unreasonable based upon the circumstances of this case including the fact that the ALJ committed a minor error by overlooking only two of the seven limitations that should have been part of a hypothetical. Accordingly, the Court reduces the requested fees by half to $3,901.18 and grants Plaintiff's motion in part.

---

[22] *Id.* at 1175-76.
[23] *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002); *see also, Crawford*, 475 F.3d at 1174.
[24] *See id.*

## CONCLUSION AND ORDER

Based on the foregoing, the Court finds that a partial award of EAJA fees is appropriate given the circumstances of this case. Accordingly, Plaintiff's Motion for Attorney Fees is GRANTED IN PART.[25] The Court awards Plaintiff $3,901.18 in EAJA fees.[26]

DATED this 18 July 2014.

Brooke C. Wells
United States Magistrate Judge

---

[25] Docket no. 27.
[26] Pursuant to *Astrue v. Ratliff,* 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to Plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).